GANA LLP
Adam J. Gana*
Adam J. Weinstein
*Pro-Hac Vice Motion Pending*
345 7th Avenue, 21st Floor
New York, NY, 10001
Phone: (212) 776-4252
Email: aweinstein@ganallp.com
        agana@ganallp.com

FITAPELLI | KURTA
Jonathan Kurta
475 Park Avenue South, 12th Floor
New York, NY 10016
Phone: (212) 658-1502
Email: jkurta@fkesq.com

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELESTE FARRELL, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TUTM ENTERTAINMENT, INC. D/B/A DREW'S ENTERTAINMENT, <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT and** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Celeste Farrell, individually and on behalf of all others similarly situated (the "Class," as defined below), by her undersigned counsel, brings this action against defendant Tutm Entertainment, Inc. d/b/a Drew's Entertainment ("Tutm" or "Defendant"), and upon information and belief and investigation of counsel, allege as follows:

## I.   <u>Nature of the Case</u>

1.      This action is brought by the Plaintiff and consumers of two sub-classes similarly situated as the Plaintiff (the "Class") who purchased the music albums: "Hits of the 80's: Platinum Collection" 2-CD set and/or "Hits of the 90's: Platinum Collection" 2-CD set (collectively the "Albums"), produced by Tutm.   Plaintiff and the Class allege that they were induced into purchasing the Albums based upon the mistaken belief that the Albums contained the original hit songs indicated from the 80's and 90's.   In fact, the songs in the Albums are poorly re-recorded songs taken from inferior live recordings and other re-recordings.   Instead of conveying the source of the recording to allow the consumer to make an informed purchase decision, Tutm provides no information on the Albums' cover or back label to indicate to the consumer that the songs are not the original songs.

2.      The Albums are supposed to feature top music hits from the 80's and 90's.   The back cover of each album has a list of approximately 15 songs included in Disc 1 and in Disc 2. However, Tutm failed to disclose that the songs are not original recordings of the songs but are in fact poor and inferior quality "re-recordings."   Defendant's misrepresentations and omissions of the quality of the recordings are unfair, deceptive, and misleading because consumers who purchased Tutm's Albums believed they would be able to listen to the songs listed on the back cover in their original version.

3.      Defendant's failure to disclose all material information about the album caused members of the Class, such as the Plaintiff, to purchase the Albums reasonably expecting to listen

to the original 80's and 90's hits, respectively.  Instead, the Plaintiff and members of the Class purchased an album with re-recorded songs of poor quality. Plaintiff and the members of the class would not have purchased the albums if the version of the songs had been properly disclosed.

## II.      Parties, Jurisdiction, and Venue

4.      Celeste Farrell is a citizen of the State of New Jersey, residing in Ridgefield Park, New Jersey.  Farrell purchased the albums "Hits of the 80's: Platinum Collection" and "Hits of the 90's: Platinum Collection" manufactured, marketed and produced by Tutm.

5.      Tutm is a corporation organized under the laws of New Jersey with its principal place of business in Green Brook, New Jersey.

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one defendant, there are more than 100 class members nationwide, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

7.      The Court has personal jurisdiction over Tutm because Tutm has purposefully availed itself of the privilege of conducting business activities in the State of New Jersey by advertising in the State of New Jersey.  Additionally, Tutm has maintained systematic and continuous business contacts with the State of New Jersey, and is registered to conduct business in this State.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because much of the conduct forming the basis for this action occurred within this District, including Tutm's production and distribution of the Albums' recordings purchased by Plaintiff and the other Class members.

## III.     Factual Allegations Concerning Plaintiff

9.      Plaintiff purchased "Hits of the 80's: Platinum Collection" and "Hits of the 90's: Platinum Collection."  Farrell purchased the Albums at a Wal-Mart store in the summer of 2013.

10.     In deciding to purchase the Albums, Plaintiff reviewed and considered the information displayed on the albums' cover, including the name of the songs listed, the artists, and the title of the album, none of which specified a re-recorded version of the song listed.

11.     As a result of the information provided as well as the omission of the song's version on the covers of the Albums, Plaintiff believed she was purchasing Albums with the original 80's and 90's hits listed.  Instead, she purchased two Albums with re-recorded songs of poor quality.

12.     Upon information and belief, the Class, including the "Hits of the 80's: Platinum Collection" sub class ("80's Sub Class") and the "Hits of the 90's: Platinum Collection" sub class ("90's Sub Class"), likewise examined the information provided on the Albums' covers including the name of the songs listed, the artists, and similarly believed that songs were the original version since no information to the contrary was provided.

13.     Plaintiff felt deceived when she listened to the Albums and realized the songs were actually poor re-recordings of popular songs from the 1980s and 1990s and not the original versions of the songs listed on the Albums' back covers.

**IV.     Factual Allegations**

14.     Tutm creates, produces, compiles and sells recorded music.  On their website, Tutm claims to have sold over 50 million albums since 1994. Tutm has four core business units: Synchronization (Synch) Master-Use Licensing for all mediums: TV, film, commercials, videogames, events and web; Mechanical Master-Use Licensing for use within products: musical greeting cards, balloons, toys, and novelties; Digital Album Creation and CD Creation and Sales.[1]

---

[1] Drew's Entertainment. Home Page, http://www.drewsent.com/#/pages/company/

15.     Tutm claims that its mission is to be "the largest, the most comprehensive, the most creative and the best worldwide music license brand."[2]  Tutm also claims that they are "committed to ensuring that [they] provide the highest quality product for a variety of use and purchase."[3]

16.     Tutm obtained their licenses for the album "Hits of the 80's: Platinum Collection" and "Hits of the 90's: Platinum Collection" from San Juan Music Group, Ltd., which is a music and DVD licensing company specializing in the licensing of primarily back catalog masters and news re-recording of original hits by the original artists.[4] Therefore, Tutm is fully aware that the songs included in both albums are re-recordings being distributed pursuant to Tutm's agreement with San Juan Music Group, Ltd.

17.     Tutm's albums can be purchased at Party City and Wal-Mart retailers.[5]

18.     Below are the images of the front cover of the albums "Hits of the 80's: Platinum Collection" and  "Hits of the 90's: Platinum Collection"  that the Plaintiff purchased at Wal-Mart store in the Summer of 2013:

---

[2] Drew's Entertainment. Home Page, http://www.drewsent.com/#/pages/mission/.

[3]*Id.*

[4] San Juan Music Group, Ltd. Home Page, http://sanjuanmusic.com.

[5]*Id.*





19.    The back cover of the albums purchased contains the name of the 15 songs included in each disc, along with the name of each artist. However, there is no indication anywhere on the albums' front or back covers that those 15 songs are re-recordings of the original songs. In fact, no specification whatsoever is provided regarding the versions of the songs.

20.    The following images are the back cover of the albums "Hits of the 80's: Platinum Collection" and "Hits of the 90's: Platinum Collection" that the Plaintiff purchased:

---

[6]HITS OF THE 80'S, PLATINUM COLLECTION (TUTM Entertainment 2013).

[7]HITS OF THE 90'S, PLATINUM COLLECTION (TUTM Entertainment 2013).





---

[8] HITS OF THE 80'S, PLATINUM COLLECTION (TUTM Entertainment 2013).

[9] HITS OF THE 90'S, PLATINUM COLLECTION (TUTM Entertainment 2013).

21.     The information provided by Tutm and displayed on the front and back cover of the Albums is insufficient to inform any reasonable consumer that the songs are re-recordings of materially inferior sound and quality from the original versions of the songs.

22.     Tutm falsely misrepresents and implies by omission to consumers and the public that the songs on the Albums are original songs.  By naming only the song title and artists, without indicating their version, Tutm intentionally omits material information.  The lack of specification of the song's version causes the reasonable consumer to associate the listed song with the original recorded version.

23.     Tutm is aware that the versions of the songs included in its Albums are not the original songs.

24.     Tutm should plainly disclose to consumers that the version of the songs included in any music albums are remixes, re-recordings, demo versions, or live or concert recordings because the nature, quality, and venue of the recording is a determinative factor for the consumer in considering whether to purchase the music album.

25.     Re-recorded songs are different from the original version and often have different sound effects, quality, length, and composition than the original version.  All the songs in the Albums differ from their original version in the foregoing categories.

26.     Other record companies who have compiled hit music of the 80's and 90's in an album sometimes include remixes, re-recordings, or extended versions of songs.  In those cases, songs have to be properly labeled as such on the cover of an album to allow consumers to make an informed decision as to what they are purchasing.  Indeed, iTunes, and other music retailers conspicuously provide notice where a song being sold is a rerecording rather than an original.

27.    For example, the following image is the back cover of a competitor's album, "80's 12" Party: 24 Awesome Eighties Remixes!" which specifies the version of each song:



28.    Tutm benefits through increased sales of its Albums by only listing the name of the song sand omitting the version of each song.  As a result, consumers such as the Plaintiff and the Class end up with a music Albums with poor quality re-recordings that they would not have purchased had the Defendant disclosed all material information about the songs.

29.    Even on the inside cover of the Albums, Tutm fails to disclose that the songs included are re-recordings. It only provides the name of the song titles, the writers, and the producers.  Therefore, it is not until a consumer has purchased and listens to the CDs that it becomes clear that the songs are not the original songs, but instead are poorly re-recorded songs.

30.     The following image shows the inside cover of the "Hits of the 80's: Platinum Collection" and "Hits of the 90's: Platinum Collection" that the Plaintiff purchased:



---

[10] HITS OF THE 80'S, PLATINUM COLLECTION (TUTM Entertainment 2013).



31.    Consumers have voiced complaints regarding this deceitful business practice of failing to accurately label songs which operates as a device to trick consumers into purchasing items they would have not have otherwise purchased.  The following image shows a negative comment written by a consumer on Amazon's website who felt deceived when he purchased the music of one of the Defendant's competitor lacking specification of the version of the songs:

<sup>11</sup> HITS OF THE 90'S, PLATINUM COLLECTION (TUTM Entertainment 2013).

<u>Watered down to 'vator music</u>, July 14, 2013

By <u>C. F. Swanson</u> (Norfolk, VA) - <u>See all my reviews</u>

Amazon Verified Purchase (<u>What's this?</u>)
This review is from: **100 '80s Classics (Re-Recorded / Remastered Versions) (MP3 Music)**

I guess enough of the tracks are close enough to original to not make the purchase a complete rip off...but there is no way to tell by the short samples available which tracks are completely out to lunch. In some cases the songs are re-recorded by someone other than the original artist (nothing quite like "in the original style of" to get you in the mood for self-mutilation), in some cases the recordings are live (not every band in the eighties was competent outside of the studio) and some are exactly what was on the radio three decades ago. All I can say is roll the dice and take your chances...I won't be going back to this well.

Help other customers find the most helpful reviews          <u>Report abuse</u> | <u>Permalink</u>
Was this review helpful to you?                                                <u>Comment</u>

[12]

32.     In sum, Tutm's actions operated as a fraud, deceit, and a commercially unreasonable practice upon the consuming public.  Defendant intended to create this confusion and misperception through omitted critical information on the Albums' labels and covers in order to increase sales by marketing inferior quality songs as if they were the original recorded versions of the songs.

## V.     <u>Class Action Allegations</u>

33.     Plaintiffs bring this action on behalf of herself and a Class consisting of two sub classes all comprised of all persons, corporations, or entities that purchased the Albums from the earliest possible date to present.   Excluded from the Class are Defendants and its affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, its affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

34.     Plaintiff is a member of the Class and sub classes she seeks to represent.

---

[12]Amazon Customer Reviews *available at* http://www.amazon.com/product-reviews/B002UXNVSI/ref=acr_dpdigitalmusic_text?ie=UTF8&showViewpoints=1

35.     Upon information and belief, Defendant marketed and advertised to consumers and the Class that the Albums were of high quality and contained original recordings of the songs indicated on the labels.

36.      At all times relevant, Defendant misled the Class that the recordings on the Albums were original recordings of the songs and that instead the recordings were inferior and poor quality re-recordings.

37.     Upon information and belief, Plaintiff and the Class relied upon Defendant's misrepresentations and omissions of information in making a decision to purchase the Albums.

38.     Plaintiff and the Class have been damaged as a result of Defendant's failure to accurately label the nature and content of the songs in the Albums causing injuries including direct loss of funds and loss of enjoyment of the music promised.

39.     Defendant is liable to pay to Plaintiff and the Class monetary, statutory, equitable, and consequential damages for Defendant's foregoing acts as well as Plaintiff's reasonable attorney's fees and costs of suit.

**A.  Numerosity – Federal Rule of Civil Procedure 23(a)(1).**

40.     The members of the Class are so numerous that individual joinder of all the members is impracticable.  Upon information and belief, there are not less than five hundred consumers who have been purchased Tutm's Albums.  The precise number of Class members and sub class members in the 80's Sub Class and the 90's Sub Class and their addresses is presently unknown to Plaintiff, but may be ascertained from Tutm's books and records or the records of their distributors.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

## B.  Commonality and Predominance – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3)

41.    This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    Whether Tutm's actions of having only listed the song titles and the artists on the cover of the Albums mislead consumers by suggesting that the songs are the original hits of the 80's and 90's;

    b.    Whether the songs on the Albums are of inferior quality and type than what a reasonable consumer would expect given the representations made on the label;

    c.    Whether it is commercially unreasonable and unconscionable to omit material information concerning the nature of the song recording on an album;

    d.    Whether Tutm's use of the words "Hits of the 80's" and "Hits of the 90's"without specifying that the songs are re-recordings mislead consumers by suggesting that those songs were the actual songs of the 80's and 90's that were a "hit" and not merely a re-recording of hit songs;

    e.    Whether Tutm's conduct constitutes unfair, illegal, deceptive and/or fraudulent business practices;

    f.    Whether Tutm's conduct constitutes a violation of the New Jersey Consumer Fraud Act, and;

    g.    Whether Plaintiff and the other Class members are entitled to relief, and the nature of such relief.

## C.  Typicality – Federal Rule of Civil Procedure 23(a)(3)

42.     Plaintiff's claims are typical of the claims of other Class and sub class members she represents because, among other things, all Class members were damaged in comparably the same manner by Tutm's misconduct described above.

**D.  Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**

43.     Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

**E.  Insufficiency of Separate Actions - Federal Rule of Civil Procedure 23(b)(1)**

44.      Absent a representative class action, members of the Class would continue to suffer the harm described herein, for which they would have no remedy.  Even if separate actions could be brought by individual Class members, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant.

**F.  Superiority – Federal Rule of Civil Procedure 23(b)(3)**

45.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and each of the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Tutm, such that it would be

impracticable for Class members to individually seek redress for Tutm's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**VI.**  **Claims Alleged**

**COUNT I**

**(Violation of New Jersey Consumer Fraud Act)**

46.  Plaintiff incorporates by reference all allegations of this complaint as though fully set forth herein.

47.  Tutm's practices were and are in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* The New Jersey Consumer Fraud Act prohibits: "The act, use or employment by any person of any unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise," including any sale or any distribution of services.

48.  Defendant, as a corporation, is a "person" within the meaning of the New Jersey Consumer Fraud Act, and is accordingly prohibited from engaging in unconscionable business practices and deceptive acts.

49.  As alleged herein, during the Class Period, Tutm engaged in a common plan and scheme through the use of misleading information, misrepresentations, and omissions of material

15

information on its music Albums to induce consumers to purchase the Albums.  The New Jersey Consumer Fraud Act applies nationally because Tutm's products are sold from New Jersey to consumers throughout the United States.

50.    Defendant's business practices as alleged were designed to and did create an impression that is misleading to the average and ordinary consumer and such practices are deceptive, unconscionable, and commercially unreasonable.

51.    Defendant's misrepresentations and omissions alleged herein caused Plaintiff and the other Class members to purchase the Albums.

52.    Accordingly, Plaintiff and the other Class members have suffered ascertainable losses through the payment of funds, the amount of which is not presently known but believed to be in excess of $5,000,000, as a result of being improperly induced to purchase Defendants' Albums.

53.    By virtue of their purchases, Plaintiff and the other Class members have been damaged in an amount to be determined at trial.

## COUNT II

### (Breach of Express Warranty)

54.    Plaintiff incorporates by reference all allegations of this complaints as though fully set forth herein.

55.    Defendant's express warranties on its album labeling of "Hits of the 80's: Platinum Collection" and "Hits of the 90's: Platinum Collection" became part of the basis of the bargain between Plaintiff and other Class members on one hand and Defendant on the other.

16

56.     Defendant knew or should have reasonably known throughout the Class Period that the Albums contained poor re-recordings instead of the original songs listed on the album's back cover.

57.     Therefore, Defendant's Albums were not "Hits of the 80's" or "Hits of the 90's" and were instead re-recordings of songs that were "hits" of their era.

58.     Defendant breached its express warranties to Plaintiff and other Class members by failing to provide a product conforming to its label as described above.

59.     Plaintiff and the other Class members were injured as a direct and proximate result of Defendant's breach, by being improperly induced to purchase the Albums.

## COUNT III

### (Unjust Enrichment)

60.     Plaintiff incorporates by reference all allegations of this complaints as though fully set forth herein.

61.     When Defendant represented its Albums only as "Hits of the 80's: Platinum Collection" and "Hits of the 90's: Platinum Collection" without disclosing the actual version of the songs it knew such representations were false and misleading because the songs included in the Albums were not the original recordings.

62.     As a result of its wrongful acts and omissions, as set forth above, Defendant charged a higher price for its Albums and obtained monies that rightfully belong to Plaintiff and the other Class members.

63.     Defendant accepted and retained the non-gratuitous benefits conferred by Plaintiff and the other Class members, who without knowledge of the falsity of the misrepresentations and

omissions regarding the Albums, paid a price for those albums in excess of their true value.  It would be inequitable and unjust for Defendant to retain these wrongfully obtained profits.

64.     Plaintiff and the Class members are therefore entitled to restitution in an amount to be determined at trial.

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in her favor and against Defendant Tutm, as follows:

A.     Declaring that this action is a proper class action, certifying the Class and the sub classes as described above, designating Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

B.     Enjoining Defendant from continuing the unfair, deceptive, and misleading business practices alleged in this Complaint;

C.     Ordering Defendant to pay actual damages, plus treble damages pursuant to N.J.S.A. 56:8-19, to Plaintiff and the other Class members, as allowable by law;

D.     Ordering Defendant to pay restitution and/or disgorgement of all amounts wrongfully charged to and received from Plaintiff and the other Class members;

E.     Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

F.     Ordering Defendant to pay attorney fees and costs of suit; and

G.     Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: March 19, 2014
New York, NY

Respectfully Submitted,
GANA LLP

By:

Adam J. Gana, Esq.
Adam J. Weinstein, Esq.
\* *Pro-Hac Vice Motion Pending*
345 Seventh Avenue
21st Floor
New York, New York 10001
Phone: (212) 776-4252
Email: aweinstein@ganallp.com
        agana@ganallp.com

FITAPELLI | KURTA
Jonathan Kurta
475 Park Avenue South, 12th Floor
New York, NY 10016
Phone: (212) 658-1502
Email: jkurta@fkesq.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CELESTE FARRELL, on behalf of herself and
all others similarly situated,

                    Plaintiff,

              v.

TUTM ENTERTAINMENT, INC. D/B/A
DREW'S ENTERTAINMENT,

                    Defendant.

================================================================

### SUMMONS AND VERIFIED COMPLAINT

================================================================

GANA, LLP
*Counsel for*:  Plaintiffs
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 776-4251

================================================================

The undersigned attorney hereby certifies, pursuant to Fed. R. Civ. P. 11 that I have read the within papers and that to the best of my knowledge and belief they are not frivolous as that term is defined in Fed. R. Civ. P. 11.

_____
Attorney name:  Adam Weinstein

================================================================
================================================================

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
   that the within is a (certified) true copy of an                    duly entered in the   office
   of the        clerk of the within named court on _____200__.

☐ NOTICE OF SETTLEMENT
   that an order                              of which the within is a true copy,  will be
   presented for settlement to the HON.                        one of the judges of the
   within named Court, at                on            200___  at_____ O'clock ____.M.

Dated, _____

                         Yours, etc.

                    **Gana LLP**

20